UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| |
|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. CARLOS CHORRO, *Defendant.* |

Honorable Susan D. Wigenton, U.S.D.J.

Criminal No. 11-724

CONSENT JUDGMENT AND
ORDER OF FORFEITURE

**WHEREAS**, on or about October 21, 2011, defendant Carlos Chorro pled guilty pursuant to a plea agreement with the United States to an Information charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; and

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 1349 shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense; and

**WHEREAS,** the sum of $184,000 is subject to forfeiture by defendant Carlos Chorro as property that constitutes or is derived from proceeds traceable to the offense to which defendant Carlos Chorro has pled guilty; and

**WHEREAS,** if by any act or omission of the defendant Carlos Chorro ,any property subject to forfeiture:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and

**WHEREAS,** the United States has not, as of this date, identified specific assets that constitute or are derived from proceeds traceable to the offense of defendant Carlos Chorro, nor has the United States yet identified any property of defendant Carlos Chorro that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p); and

**WHEREAS,** defendant Carlos Chorro:

(1) Consents to the forfeiture to the United States of $184,000 as property that constitutes or is derived from proceeds traceable to the offense to which he pled guilty;

(2) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property;

(3) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(4) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(5) Agrees, pursuant to Rule 32.2(b)(3), to consent promptly to the finalization of the order of forfeiture before sentencing if requested by the government to do so;

(6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

**WHEREAS,** Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

**WHEREAS,** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant Carlos Chorro shall forfeit to the United States the sum of $184,000; and

**IT IS FURTHER ORDERED** that a money judgment in the amount of $184,000 shall be entered against defendant Carlos Chorro; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e); and

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to defendant Carlos Chorro at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**IT IS FURTHER ORDERED** that the United States may move at any time pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $184,000

in United States currency to satisfy the forfeiture money judgment in whole or in part.

**ORDERED** this __11th__ day of __April__ 2012.

_____
Honorable Susan D. Wigenton
United States District Judge

The undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

_____  Dated: 4-10-12
By: AARON MENDELSOHN
Assistant United States Attorney

_____  Dated: 4-11-12
MARK J. FONTE, ESQ.
Attorney for Defendant Carlos Chorro

_____  Dated: 4-11-12
Defendant Carlos Chorro